# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES** | * |
| | * |
| v. | *   Case No. 21-cr-00190-DLF |
| | * |
| **ZACHARY JORDAN ALAM** | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO SET BOND AND CONDITIONS OF RELEASE

**COMES NOW** the Defendant, Zachary Alam, by and through his attorney, Michael E. Lawlor, Brennan, McKenna & Lawlor, Chtd, and respectfully requests that this Honorable Court release the defendant from pretrial detention and set conditions of release. In support of this motion, counsel states the following.

### Procedural History

Mr. Alam is charged in an eleven-count criminal Indictment for alleged offenses related to the storming of the U.S. Capitol on January 6, 2021. Mr. Alam made his initial appearance in the Eastern District of Pennsylvania and was ordered detained pending his removal the District of Columbia on February 2, 2021. Thereafter Mr. Alam appeared before this Court on April 14, 2021 and was arraigned.

### Pretrial Detention Should Be Reserved for a Limited Group Only

Pretrial detention was limited by Congress to persons who are charged crimes of "the most serious" nature when compared to other federal offenses. *United States*

1

*v. Salerno*, 481 U.S. 739, 747 (1987).  Congress enacted the Bail Reform Act of 1984 to give courts the authority to consider factors such as the likelihood of flight and community safety in making release determinations. In passing the Act, however, Congress did not intend to authorize the wholesale pretrial incarceration of all persons accused of criminal offenses. Indeed, the Act expressly provides that "[n]othing in this section shall be construed as modifying or limiting the presumption of innocence." 18 U.S. Code Section 3142(j). To the contrary, the passage of the pretrial detention provision of the 1984 Act bespeaks a recognition that "there is a small but identifiable group of particularly dangerous [persons] as to whom neither the imposition of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community or other persons. It is with respect to this limited group ... that the courts must be given the power to deny release pending trial." S. Rep. No. 225, 98th Cong., 1st Sess. 6-7, reprinted in U.S. Code Cong. & Ad. News 3189. Mr. Alam is not within that limited group. It is apparent from the Act's legislative history, as well as the statutorily mandated consideration of the least restrictive alternatives to detention, that Congress contemplated pretrial detention of only a small percentage of the individuals awaiting trial.

The legislative history of the Act also stresses that '[t]he decision to provide for pretrial detention is in no way a derogation of the importance of the [accused's] interest in remaining at liberty prior to trial. It is anticipated that [pretrial release] will continue to be appropriate for the majority of federal defendants." *Id.* at 7, 12, reprinted in, 1984 U.S. Code Cong. & Ad. News 3189. Mr. Alam is among that majority for whom a combination of conditions short of detention without bond can be fashioned to "reasonably assure" the safety of the community and his appearance for trial. *United States v. Orta,* 760 F.2d 887 (8th Cir. 1985). *See also* 18 U.S.C. §3142(c)(1)(B) (judicial officer shall order the pretrial release of an accused "subject to the *least restrictive* further condition or combination of conditions, that such judicial officer shall determines will reasonably assure the appearance of the person as required and the safety of any other person and the community") (emphasis added).

Courts have recognized that, consistent with the intent expressed in the 1984 Act's legislative history, the statutory scheme of Section 3142 continues to favor release over pretrial detention. *See United States v. Orta*, 760 F.2d 887, 890-892 (8th Cir. 1985); *United States v. Miller*, 625 F. Supp. 513, 516-17 (D.Kan. 1985). As detailed below, in this case, Mr. Alam's continued detention without bond is not the

least restrictive alternative available that will assure the community's safety and his return for future court dates. *See U.S. v. Xulam*, 84 F.3d 441 (D.C. Cir. 1996).

Pursuant to the Bail Reform Act, there are types of cases and defendants for whom pretrial detention may be ordered. 18 U.S.C. § 3142(f)(1). Given the cases that are typically charged in federal courts, especially in this region, Section 3142(e)(3), operates to create a rebuttable presumption that no condition or combination of conditions of release will suffice for a large number of defendants. The instant case is <u>not</u> a case where pre-trial detention is presumed.

Recently, the United States Court of Appeals for the District of Columbia Circuit has had occasion to review the pretrial detention of those accused of the happenings at the U.S. Capitol on January 6th. The Court of Appeals began by recounting the basics: "In common parlance, the relevant inquiry is whether the defendant is a flight risk or a danger to the community." *United States v. Munchel*, 991 F.3d 1273, 1279 (D.C. Cir. 2021) (quoting *United States v. Vasquez-Benitez*, 919 F.3d 546, 550 (D.C. Cir. 2019) (internal quotation marks omitted). The Court explained,

> [A] defendant's detention based on dangerousness accords with due process only insofar as the district court determines that the defendant's history, characteristics, and alleged criminal conduct make clear that he or she poses a concrete, prospective threat to public safety.

4

*Munchel*, 991 F.3d at 1280. Therefore, "a court must identify an articulable threat posed by the defendant to an individual or the community." *Id.* at 1283. It is not enough for the government to assert that simply based on the allegations against a defendant, that he poses a generalized risk or threat.

### Argument for Release

Mr. Alam is not a candidate for pretrial detention. Rather, Mr. Alam is exactly the kind of person for whom this Court can fashion conditions or a combination of conditions to ensure both the safety of the community and Mr. Alam's appearance at all future court dates. Mr. Alam is 29 years old. He was raised primarily in Northern Virginia. Mr. Alam was educated at the University of Virginia and intended on attending medical school thereafter. While Mr. Alam did not ultimately pursue medical school, he remained a highly educated individual. Prior to the incarceration, Mr. Alam was gainfully employed and lived on his own. Mr. Alam is single with no children or other dependents.

### Conclusion

Mr. Alam stands before this Court having been incarcerated since February 6, 2021. He has strong family ties to Washington, DC, and Northern Virginia area

where he would live if released. He is neither a danger to the community nor a risk of flight making pretrial detention in this case, for Mr. Alam, unnecessary under the Bail Reform Act. Release is the default, and Mr. Alam's history and characteristics support that conclusion in this case. For these reasons, Mr. Alam respectfully requests that this Court impose conditions of release, in any combination, to permit Mr. Alam to be released from detention.

                                        Respectfully submitted,
                                            /s/
                                      _____
                                      Michael E. Lawlor
                                      Brennan, McKenna & Lawlor, Chtd.
                                      6305 Ivy Lane, Suite 700
                                      Greenbelt, Maryland 20770
                                      (301) 474-0044

## CERTIFICATE OF SERVICE

I hereby certify that on this day, June 4, 2021, a copy of the foregoing was sent via ECF to the United States Attorney's Office for the District of Columbia.

/s/
_____
Michael E. Lawlor