UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-cr-190 (DLF) |
| : | |
| ZACHARY ALAM, : | |
| : | |
| Defendant. : | |

**UNITED STATES'S REPLY TO DEFENSE'S RESPONSE TO THE GOVERNMENT'S OMNIBUS MOTIONS *IN LIMINE*__**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this reply to Defendant's response to ECF No. 58. The government is seeking admittance of evidence recovered during the execution of a search warrant. *See* ECF No. 58 at 31-32. Defendant is seeking the evidence's suppression (ECF No. 56), and, in the alternative, its preclusion based on relevancy and prejudicial grounds. ECF No. 56 at 2-3. The government maintains its position that the notebook and magazine are admissible as they are probative of Defendant's guilt.[1]

    **I.    The Evidence Outlined Herein is Admissible**

"The inference from consciousness of guilt to 'guilty' is always available in evidence. It is a most powerful one, because the only other hypothesis conceivable is the rare one that the person's consciousness is caused by a delusion, and not by the actual doing of the act." *Miller v. United States*, 320 F.2d 767, 771 (D.C. Cir. 1963). It is also well-settled that evidence that a defendant is seeking to conceal his identity from law enforcement is relevant at trial as proof of guilt. *See, e.g., United States v. Clark*, 184 F.3d 858, 869-70 (D.C. Cir. 1999) (recognizing as "well-settled" that

---

[1] Both the journal (Exhibit 1) and magazine (Exhibit 2) have been provided to the Court via Dropbox.

1

a defendant's use of an alias to conceal his identity from law enforcement officers is relevant as proof of consciousness of guilt).

The government intends to admit the journal and magazine under Fed. R. Evid. 801(d)(2)(A), as direct evidence of defendant's guilt. The evidence is probative of defendant's guilt, in that they show his consciousness of guilt including the notes that appear to indicate Alam's motive for the crimes charged and his desire to conceal evidence of the crime or evade law enforcement detection. In journal entries, Defendant Alam not only recorded his reflections of January 6, 2021, but also memorialized his plans to flee and conceal his identity.

Two of these journal entries include direct evidence of Alam's acknowledgment of and participation on January 6, 2021. *See* Exhibit 1 at 2-3 and 7-8. Specifically, on "Mon 1/11/21", Alam made note as to why he is "so patriotic", wrote "Bicameral legislature," "Speaker's Lobby" and drew a sketch of the Capitol Building. Exhibit 1 at 2-3. In a later entry, Alam alluded to plans to make a video in which he would "certify [his] American-ness," explain "why I did what I did," and "call out Trump." *Id*. at 7. Alam further discussed his January 6th video writing "Wanted a civilized discussion w/ our representatives but the door wouldn't open," and "Call out Pence." *Id*. at 8. Alam transcribed a plan to release the video: "Post video twice . . . to maximize authentic video exposure. *Id*.

Journal entries from January 10, 18, and 19, 2021 are evidence of Alam's flight and attempts to conceal his identity. For "Sun 1/10/21," the defendant had written "activate burner,"[2] indicating that four days after the events at the U.S. Capitol, he began using a phone that helped to conceal

---

[2] An apparent reference to a "burner phone." *See e.g.* Definition of Burner Phone, Dictionary.com ("a disposable cell phone with prepaid service, often used with the intent to temporarily obscure the true identity or contact information of the user") (available at https://www.dictionary.com/browse/burner-phone)

his identity and location. Exhibit 1 at 1.  That "burner" appears to refer to the Verizon flip phone that agents recovered, as executing agents photographed a receipt dated January 10, 2021, for a "Verizon" phone paid for with $65.13 in cash at a Walmart in Pennsylvania.  Below that entry, which was crossed out, Defendant wrote ""turn off phone.  Put in Plastic bag.  Put in tire.  Stash tire." *Id*.  These entries plus the purchase of the "burner," implies the defendant wanted to conceal his identity and location from authorities who might be looking for him.[3]

The defendant's other notes from January 10 further referred to his intent to flee: "buy crypto[currency]" and "consolidate crypto" and get "ID's" and "clothes" from "storage." Exhibit 1 at 1.  On "Mon 1/18/21," he planned to "open new bank acct" and "Delete Pics on FB." *Id*. at 5. In a later entry, he wrote, "re-allocate funds to decentralized assets," "Trade truck for car," and "VPN on Mac." *Id*. at 7.  Again, all evidence of his consciousness of guilt and flight.

The magazine also demonstrates consciousness of guilt.  *See* Exhibit 2. The magazine, 'Recoil OffGrid", includes a caption on the cover that reads, "RIOT RESPONSE-SURVIVE AND SUCCEED DURING CIVIL UNREST" with a photograph of two individuals, one with a long gun, walking down a debris filled street with a police car burning in the background.  Another cover caption reads "EMERGENCY FINANCIAL PLANNING."  Alam is charged with participating in a civil unrest and the government will introduce the magazine as evidence of his intention to participate as well as flee law enforcement.  The magazine cover boasts ways to survive during unrest as well as how to plan finances considering an emergency.  As outlined in his journal, Alam was making several emergency moves, including financial, to assist in his flight from crimes relating to civil unrest.

---

[3] The government anticipates eliciting testimony from an agent regarding their knowledge of what "burner" phones are and experience with why "burner' phones are used.

For the above reasons, this magazine is direct evidence of his guilt and corroborative of his attempt to evade apprehension. However, to the extent that the Court deems any of this evidence "other crimes, wrongs, or acts" encompassed by Fed. R. Evid. 404(b), the government submits that the evidence will be admitted for the permissible purpose of proving intent, knowledge, identity, absence of mistake, and consciousness of guilt. Although the government contends that this evidence is direct evidence of defendant's intent and knowledge regarding the crimes charged, in the alternative, this evidence is admissible under Fed. R. Evid. 404(b).

## II. The Evidence Outlined Herein is not Unfairly Prejudicial

Evidence is subject to the balancing test of Federal Rule of Evidence 403, which renders it inadmissible only if the prejudicial effect of admitting the evidence "substantially outweighs" its probative value. *United States v. Miller*, 895 F.2d 1431, 1436 (D.C. Cir. 1990). Furthermore, it is not enough that the evidence is simply prejudicial; the prejudice must be "unfair." *United States v. Cassell*, 292 F.3d at 796 (quoting *Dollar v. Long Mf'g, N.C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977) for the proposition that "[v]irtually all evidence is prejudicial or it isn't material. The prejudice must be "unfair."); *United States v. Pettiford*, 517 F.3d 584, 590 (D.C. Cir. 2008) ("[T]he Rule focuses on the danger of *unfair* prejudice, and gives the court discretion to exclude evidence only if that danger *substantially* outweigh[s] the evidence's probative value.") (citations and punctuation omitted) (emphasis in original).

The Defendant has not specifically articulated how admittance of the journal entries and magazine are prejudicial. The defense must show "compelling or unique" evidence of prejudice, *Mitchell*, 49 F.3d at 777, distinct from the probative value of the evidence and distinct from the intrinsic prejudicial potential of any Rule 404(b) evidence. The D.C. Circuit has consistently minimized the residual risk of prejudice not by exclusion but by instead issuing limiting

4

instructions to the jury.  *See, e.g.*, *Douglas,* 482 F.3d at 601 (emphasizing the significance of the district court's instructions to jury on the permissible and impermissible uses of the evidence); *Pettiford*, 517 F.3d at 590 (same); *Crowder II*, 141 F.3d at 1210 (stating that mitigating jury instructions enter the Rule 403 balancing analysis).  Thus, because the government's evidence is not unduly prejudicial and any minimal prejudice can be addressed through an appropriate limiting instruction, its admission is appropriate.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court admit the evidence and instruct the jury on consciousness of guilt.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By:  */s/ Rebekah Lederer*
Rebekah Lederer
Pennsylvania Bar No. 320922
Assistant United States Attorney
U.S Attorney's Office for District of
Columbia 601 D St. N.W, Washington, DC
20530
(202) 252-7012
rebekah.lederer@usdoj.gov

By:  */s/ Joseph S. Smith, Jr.*
Joseph S. Smith, Jr.
CA Bar No. 200108
Assistant U.S. Attorney
601 D Street, N.W. Washington, D.C.
20530
(619) 546-8299
joseph.s.smith@usdoj.gov