**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | )( | |
| | )( | **Criminal No. 21-190 (DLF)** |
| **v.** | )( | **Judge Friedrich** |
| | )( | **Motions Hearing: June 27, 2023** |
| **ZACHARY ALAM** | )( | |

**REPLY TO GOVERNMENT'S OPPOSITION
TO DEFENDANT'S MOTION ON MULTIPLICITY**

COMES NOW the defendant, Zachary Alam, by and through undersigned counsel, and respectfully replies to the Government's Opposition to Defendant's Motion on Multiplicity.  Towards this end, Mr. Alam would show:

1.	On April 28, 2023, Mr. Alam filed a Motion to Have Court Address Multiplicity Concerns and Points and Authority in Support Thereof (Multiplicity Motion) (ECF #57).   In this motion, Mr. Alam points out that count one and count two of his indictment are multiplicitous.

2.	In both count one and count two of his indictment, Mr. Alam is charged with the exacts same conduct—that  is, "forcibly assault[ing], resist[ing], oppos[ing], imped[ing], intimidate[ing], and interfer[ing] with [] an officer and employee of the United States."  Superseding Indictment at 2 (ECF #36).  In both counts, he is charged with engaging in this conduct against the exact same federal officers—that is, "officers from the United States Capitol Police Department located on both sides of the door in proximity to the Speakers Lobby."  Id.  In count one, Mr. Alam is charged with engaging in the conduct at issue with "the intent to commit another felony."  He is not charged with having such intent in count two.  Id.  In count two, Mr. Alam is charged with engaging in

the conduct at issue while "using a deadly or dangerous weapon, that is, a helmet." He is not charged with using a deadly or dangerous weapon in count one. Id. In count one Mr. Alam is only charged under 18 U.S.C. § 111(a). In count two, he is charged under 18 U.S.C. §§ 111(a) and (b).

3.      On May 13, 2023, the government filed a Government's Opposition to Defendant's Motion on Multiplicity (Government's Opposition) (ECF #67). In its opposition, the government argues that count one and count two of the Superseding Indictment are not multiplicitous because they each describe a different offense per Blockburger v. United States, 284 U.S. 299 (1932). Government's Opposition at 4-7. Also, it argues that the two charged assaults are separated from each other under the so-called "impulse test" in that the assault charged in count two is different than the assault charged in count one because it was occasioned by a new impulse on Mr. Alam's part—that is, by him "plac[ing] a helmet on his hand and beg[inning] to use it to smash glass." Id. at 5.

4.      The government is incorrect that the assaults charged in counts one and two of the Superseding Indictment are not multiplicitous.

**DISCUSSSION**

Under 18 U.S.C. § 111(a), a person is subject to a one-year maximum sentence unless he "causes physical contact with the victim of the assault" while engaging in the conduct at issue or unless he engages in the conduct at issue with the "intent to commit another felony." 18 U.S.C. § 111(a). If either of these additional elements are present, then he is subject to an eight-year maximum sentence. Id. Under 18 U.S.C. § 111(b), a

person who, "in the commission of any acts described in in subsection [§ 111] (a), uses a deadly or dangerous weapon" is subjected to an enhanced penalty of twenty-five years. 18 U.S.C. § 111(b). § 111(b) does not create a new offense; it simply provides for an enhanced sentence of twenty-five years if a person commits an offense under § 111(a) while using a deadly or dangerous weapon. This enhanced sentence applies whether or not the elements in § 111(a) that would turn a one-year offense into an eight-year offense under that provision are present or not. Id. Thus, those elements are not elements that prevent an offense under § 111(a) from being a lesser-included offense of an offense under both §§ 111(a) and (b). The government's reliance on Blockburger to say otherwise is misplaced. As the Supreme Court has noted, the Blockburger rule "is a rule of statutory construction to help determine legislative intent…. The Blockburger rule is not controlling when the legislative intent is clear from the face of the statute." Garrett v. United States, 471 U.S. 773 779 (1985). Here, by the way it structured 18 U.S.C. § 111, Congress made it clear that an offense under § 111(a) is a lesser-included offense of an offense charged under §§ 111(a) and (b) whether or not the elements that, under 111(a), would turn that offense into an eight-year offense are present or not. Given this, using Blockburger to determine if those elements make an offense under § 111(a) a different offense from one under §§ 111(a) and (b) is not appropriate.

The government's argument that the assault that Mr. Alam is charged with in count two of his indictment is different than the one charged in count one because it was occasioned by new impulse fares no better. In counts one and two, Mr. Alam is charged with engaging in the exact same assaultive conduct against the exact same officers. In

3

count one, he is just charged under § 111(a) for engaging in that conduct against those officers. However, in count two, he is also charged under § 111(b) with using a helmet as a deadly or dangerous weapon to engage in that conduct against those officers. The government claims that, for count two, by "plac[ing] a helmet on his hand and beg[inning] to use it to smash glass," Mr. Alam acted on a new impulse and began a second assault that was different than the one he was charged with in count one. However, even assuming that Mr. Alam may have using the helmet as a deadly or dangerous weapon in smashing the glass, the mere fact that he started using a deadly or dangerous weapon is not a fact that Congress intended to give rise to a new offense under § 111. While the use of a deadly or dangerous weapon can cause a person to be subject to an enhanced penalty under § 111(b) for an assault he is committing in violation of § 111(a), § 111(b) does not define an entirely new offense that such a person can commit. While it is perhaps possible that a person can commit separate assaults under § 111 by engaging in assaultive conduct against officers, discontinuing that conduct, and then starting additional assaultive conduct against those same officers anew, such separate courses of conduct is not what Mr. Alam is charged with in counts one and two of his indictment. Moreover, while a person could perhaps commit separate assaults by engaging in assaultive conduct against different officers, there is a perfect identity between the officers Mr. Alam is charged with assaulting in count one and the officers he is charged with assaulting in count two. Accordingly, apart from the fact that Mr. Alam is charged in count two with an assault that involves the alleged use of a helmet as deadly or dangerous weapon and the assault he is charged with in count one does not, there is no

reason to think that the two assaults are separate assaults.  And as already stated, the mere

fact that a person used a deadly or dangerous weapon while committing an assault under

§ 111(a) is not a fact that Congress intended to give rise to a separate offense under §

111(a) and § 111(b).  Rather, it only intended for that fact to give rise to an enhanced

sentence of twenty-five years per the operation of § 111(b).

In its opposition, the government cites United States v. Duran, 96 F.3d 1495, 1498

(D.C. Cir. 1996) for the proposition that Mr. Alam can be prosecuted for separate assaults

under § 111 for engaging in a continuous course of conduct that puts multiple officers at

risk.  Government's Opposition at 5-6.  However, Duran is not on point.  In Duran the

defendant shot at four officers during a bizarre incident outside the White House.  Duran,

96 F.3d 1497-98, 1509-10.   For this conduct, he was charged with four offenses under 18

U.S.C. § 111, id. at 1509, and the Court oof Appeals allowed each assault conviction to

stand, id. at 1510.  However, it is important to note that, in each assault count, the

defendant was charged with an assault involving a different officer than the officers he

was charged with assaulting in the other counts.  See United States Opposition to

Defendant's Supplemental Motion to Vacate Judgment under 28 U.S.C. 2255 in United

States v. Francisco Duran, No. 94-cr-447 (PLF) at 3 (ECF #305).  Thus, it was not the

fact that the defendant was charged with putting four officers in danger that caused there

to be four separate assaults; it was the fact that, in each of the four assault counts, he was

charged with shooting at a different officer than he was charged with shooting at in the

other counts that caused there to be four separate assaults.  As already stated, in this case,

Mr. Alam is charged with assaulting the exact same officers in count one as he is in count

two.  Thus, <u>Duran</u> does not support the government's assertion that count one and count two of Mr. Alam's indictment charge separate assaults.

## <u>CONCLUSION</u>

WHEREFORE, the defendant, Zachary Alam, replies to the Government's Opposition to Defendant's Motion on Multiplicity.

Respectfully submitted,

_____/s/_____
Jerry Ray Smith , Jr.
Counsel for Zachary Alam
D.C. Bar No. 448699
717 D Street, N.W.
Suite 310
Washington, DC 20004
E-mail: jerryraysmith@verizon.net
Phone: (202) 347-6101